10-1077-pr
Vaughn v. Nichols

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
            DEBRA ANN LIVINGSTON,
                          <u>Circuit Judge</u>,
            JED S. RAKOFF,
                          <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - -X
WESLEY VAUGHN,
        <u>Plaintiff-Appellant</u>,

        -v.-                                          10-1077-pr

GLENN S. GOORD, Commissioner of the
Department of Correctional Services;
JAMES A. NICHOLS, Deputy
Superintendent of Programs (Mid-
State); ROBERT PROSSER, Maintenance
Supervisor (Mid-State); DANIEL ABBIS,
Vocational Supervisor (Mid-State);

---

 * The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

**WILFREDO BATISTA, First Deputy Superintendent (Mid-State); DONALD SELSKY, Director of Special Housing/Inmate Disciplinary Programs,**
                    **Defendants-Appellees.**\*\*
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Wesley Vaughn, <u>pro se</u>, Dannemora, New York.

**FOR APPELLEES:**                    Owen Demuth, Assistant Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, <u>for</u> Barbara D. Underwood, New York State Office of the Attorney General, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Strom, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Wesley Vaughn appeals from a judgment of the United States District Court for the Northern District of New York (Strom, <u>J.</u>), granting defendants-appellees summary judgment on his claim that he was denied due process at a prison disciplinary hearing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review orders granting summary judgment <u>de novo</u> and determine whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law." <u>Davis v. New York</u>, 316 F.3d 93, 99-100 (2d Cir. 2002). "[R]eliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." <u>Id.</u> at 100.

_____

\*\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

2

For substantially the reasons stated by the district court, we affirm the grant of summary judgment in favor of appellees on Vaughn's due process claim. <u>Vaughn v. Nichols</u>, No. 9:02-CV-1512, 2010 WL 681409, at *3-*6 (N.D.N.Y. Feb. 24, 2010). "Although prison inmates necessarily have their liberty severely curtailed while incarcerated, they are nevertheless entitled to certain procedural protections when disciplinary actions subject them to further liberty deprivations . . . ." <u>Sira v. Morton</u>, 380 F.3d 57, 69 (2d Cir. 2004). Here, resolving all ambiguities and drawing all factual inferences in Vaughn's favor, <u>Davis</u>, 316 F.3d at 100, we conclude that Vaughn's allegations do not rise to the level of a due process violation.

Finding no merit in Vaughn's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3